**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LOS ALAMOS STUDY GROUP,**

**Plaintiff,** **No. CIV-10-0760 JCH/ACT**

**v.**

**UNITED STATES DEPARTMENT OF ENERGY; THE HONORABLE STEPHEN CHU, in his official capacity as SECRETARY, DEPARTMENT OF ENERGY; NATIONAL NUCLEAR SECURITY ADMINISTRATION; THE HONORABLE THOMAS PAUL D'AGOSTINO, in his Capacity as ADMINISTRATOR, NATIONAL NUCLEAR SECURITY ADMINISTRATION,**

**Defendants.**

**ORDER**

THIS MATTER comes before the Court on Plaintiff's Opposed Motion to Compel Defendants' Counsel to Participate in a Conference of the Parties under Rule 26(f)(1) and for the Issuance of a Scheduling Order under Rule 16 ("Motion to Compel") [Doc. 46], Federal Defendants' Response in Opposition [Doc. 47] and Plaintiff's Reply. [Doc. 48.]

This action commenced with Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief Under the National Environmental Policy Act of 1969 [Doc.1]. Defendants filed a Motion to Dismiss [Doc. 9] which the undersigned recommended be granted on the grounds of prudential mootness. [Doc. 25.] Plaintiff and Defendants filed Objections to the Report and Recommendations. [Doc. 32, Doc. 33, and Doc. 39.] Plaintiff has also filed a Motion for Preliminary Injunction. [Doc. 13.] All these matters are scheduled for a hearing before the Honorable Judith C. Herrera on April 27, 2011. [Doc. 43].

Plaintiff now seeks a scheduling order pursuant to the Federal Rules of Civil Procedure, relying on Fed.R.Civ.P. 26(f) and 16(b)(1). [Doc. 46.] Plaintiff argues that, pursuant to Fed.R.Civ.P. 26(f), it is necessary for the parties to participate in an initial conference and to develop a discovery plan and that Fed.R.Civ.P. 16(b)(1) requires the issuance of a scheduling order. Defendants respond that Plaintiff's Complaint is subject to judicial review pursuant to the scope and standards for judicial review set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and is not governed by the Federal Rules of Civil Procedure. However, neither position is applicable to the case at this time.

What neither the Plaintiff nor the Defendants have done is refer to the Local Rules of Civil Procedure for this district. D.N.M.LR-Civ. 16.3(r) states that "[p]roceedings requesting injunctive or other emergency relief" are "excluded from pretrial case management procedures described in D.N.M.LR-Civ.16 unless the parties request, or the assigned Judge determines, that the case should be governed by this rule." The fact that neither party made reference to D.N.M.LR-Civ.16.3(r), suggests to the Court that neither party read the Local Rules of Civil Procedure. This action for declaratory judgment and injunctive relief is explicitly excluded from pretrial case management procedures.

Even if the undersigned should deem that Plaintiff's Motion to Compel constitutes a request to manage this action pursuant to Fed.R.Civ.P. 16 and D.N.M.LR-Civ. 16, it is not clear to this Court that the Federal Rules of Civil Procedure would apply to this case. However, the Court need not address that issue at this point. Because Plaintiff has not requested that this case not be excluded from case management procedures and because of the pending matters scheduled to be heard before Judge Herrera on April 27, 2011, the undersigned will, as a matter prudence and sound discretion, deny the Motion to Compel pending the District Court's decision

on the Defendants' Motion to Dismiss [Doc. 9], the parties' Objections [Doc. 32, Doc. 33, and Doc. 39] and the Plaintiff's Motion for Preliminary Injunction [Doc. 13].

**IT IS ORDERED** that Plaintiff's Opposed Motion to Compel Defendants' Counsel to Participate in a Conference of the Parties under Rule 26(f)(1) and for the Issuance of a Scheduling Order Under Rule 16 [Doc. 46] is DENIED.

**ALAN C. TORGERSON**
**United States Magistrate Judge**