IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOS ALAMOS STUDY GROUP,

      Plaintiff,

v.                                             No. 10-CV-760 JCH/ACT

UNITED STATES DEPARTMENT OF
ENERGY; THE HONORABLE STEPHEN
CHU, in his capacity as SECRETARY,
DEPARTMENT OF ENERGY;
NATIONAL NUCLEAR SECURITY
ADMINISTRATION; THE HONORABLE
THOMAS PAUL D'AGOSTINO, in his
capacity as ADMINISTRATOR,
NATIONAL NUCLEAR SECURITY ADMINISTRATION,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Los Alamos Study Group's *Motion for Injunction Pending Appeal*, filed July 21, 2011 [Doc. 64].  The Court, having carefully considered the briefs and relevant law, having reviewed its previous decision in this matter, and being otherwise fully informed, finds that Plaintiff's motion is not well taken and should be DENIED.

## BACKGROUND

The factual background of this case is presented in much greater detail in the Court's previous Memorandum Opinion and Order [Doc. 55], and, in this document, the Court will provide only those facts necessary to disposition of this motion.  Plaintiff filed its Complaint in this matter on August 16, 2010 [Doc. 1].  It challenged the adequacy of the Department of

Energy/National Nuclear Security Administration's ("DOE/NNSA" or "NNSA") analysis of potential environmental impacts from the construction and operation of the proposed Chemistry and Metallurgy Research Replacement Nuclear Facility ("CMRR-NF") at Los Alamos National Laboratory ("LANL").  Plaintiff sought a declaratory judgment and mandatory injunction requiring Defendants to prepare a new Environment Impact Statement ("EIS") regarding the CMRR-NF and also sought to prohibit all further investments in the CMRR-NF project, including any funds for detailed design or construction, until a new EIS is completed.

Following the filing of Plaintiff's suit, NNSA's Deputy Administrator announced that the NNSA would complete a Supplemental Environmental Impact Statement ("SEIS") to analyze the potential environmental impacts associated with the construction of the proposed CMRR-NF project.  On April 22, 2011, the NNSA released a draft of the SEIS to the public.  This release began a public comment period, which was to culminate in the release of a final SEIS.

On January 6, 2011, pursuant to a referral from the Court, the Magistrate Judge filed his Proposed Findings and Recommended Disposition [Doc. 25].  The Magistrate Judge recommended that Plaintiff's Complaint be dismissed in its entirety based on the doctrine of prudential mootness.  Plaintiff timely filed its objections to this recommended disposition.  Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court reviewed *de novo* the findings and recommendations to which Plaintiff objected.  In addition to reviewing all of the materials submitted by the parties, the Court also heard two days of testimony and argument on the matter prior to issuing its ruling.  On May 23, 2011, the Court issued a Memorandum Opinion and Order [Doc. 55] in which it held that the Magistrate Judge properly applied the doctrine of prudential mootness to dismiss this case.  The Court also held that, in the alternative, the case must be dismissed because it was not ripe.  *See* Doc. 55 at 15.  Plaintiff appealed this decision to

the Tenth Circuit on July 1, 2011.  *See* Doc. 59.  This appeal has not yet been fully briefed.

Plaintiff then filed the instant motion, seeking an injunction, pending appeal, that directs Defendants to cease any activities that have the effect of advancing the CMRR-NF project. Plaintiff argues that, unless enjoined, Defendants "are likely to undertake interim actions that will preclude NEPA compliance."  Doc. 64 at 2.  On September 2, 2011, the Environmental Protection Agency published a Notice of Availability of the Final SEIS for the CMRR-NF project, and, on October 18, 2011, the NNSA published the final Record of Decision ("ROD") for the CMRR-NF project.  *See* Doc. 71.  On October 21, 2011, Plaintiff filed a new Complaint raising many of the same arguments and claims raised in this case, but incorporating the findings of the final SEIS and associated ROD.  *See* Case No. 11cv946 RHS/WDS.

## DISCUSSION

In determining whether to grant an injunction pending appeal, an applicant must show that: (1) it is likely to prevail on the merits of the appeal; (2) it will be irreparably harmed absent the injunction; (3) other parties will not be substantially harmed if the injunction is granted; and (4) the public interest favors a stay.  *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996); *United States v. Various Tracts of Land in Muskogee & Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996).  A preliminary injunction, such as the one sought here, "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted) (emphasis in original).  If a movant fails to meet its burden on any of the four requirements for injunctive relief, the petition must be denied.  *See Sprint Spectrum, L.P., v. State Corp. Comm'n.,* 149 F.3d 1058, 1060 (10th Cir. 1998); *Chem. Weapons Working Group, Inc. v. U.S. Dep't of the Army*, 111 F.3d 1485, 1489 (10th Cir. 1997).

3

The Court's opinion upholding the Magistrate Judge's finding that Plaintiff's Complaint should be dismissed based on the doctrine of prudential mootness, and its alternative holding that Plaintiff's case was not ripe, rested on the fact that the SEIS process was ongoing. The Court found that it would be imprudent to halt all activities, including design analysis, prior to the completion and issuance of the final ROD, because it would essentially be issuing an advisory opinion. *See* Doc. 55 at 15. The Court also held that, while the SEIS process was ongoing, and it was unclear what form the SEIS and final ROD would take, there was no ripe final agency action for the Court to review. *See id.* at 16.

In contending that it is likely to prevail on appeal, Plaintiff's motion presents largely the same factual background, arguments, and case law that the Court has already carefully considered and rejected in making its initial ruling. To prevail on appeal, Plaintiff must first demonstrate that the Court abused its discretion in applying the doctrine of prudential mootness to this case and that the Court incorrectly found that no "final agency action" under the Administrative Procedures Act had yet occurred to give the Court jurisdiction over the action. It must then demonstrate that Defendants were proceeding with the CMRR-NF project in violation of NEPA. By merely repeating many of the same arguments that it made in its initial round of briefing and at oral argument on its Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, Plaintiff has done little to demonstrate that it is likely to prevail on the merits in its appeal.

When it issued its decision dismissing this case, the Court based its determination on the fact that the SEIS process was ongoing and that the form that the final ROD would take could not be known. It noted that Plaintiff had the ability to participate in the SEIS comment process in an attempt to ensure that its perspectives are heard. *See* Doc. 55 at 15. It further stated that if,

when the SEIS process was complete, Plaintiff believes that its perspectives were not adequately considered, it would have the opportunity to file a new action. That is precisely what Plaintiff has now done, filing a new lawsuit that challenges Defendants' actions on the basis of the completed SEIS and final ROD. *See* Case No. 11cv946 RHS/WDS. This new lawsuit appears to be the proper vehicle to contest Defendants' plans to move forward with the CMRR-NF project, as the issuance of the completed SEIS and final ROD constitute the necessary "final agency action" that was missing in this case.[1] *See Coal. for Sustainable Res., Inc. v. U.S. Forest Serv.*, 259 F.3d 1244, 1250 (10th Cir. 2001); *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997); *Bennett Hills Grazing Ass'n v. United States*, 600 F.2d 1308, 1309 (9th Cir. 1979).

## CONCLUSION

The fact that a completed SEIS and final ROD have now been issued does not affect the propriety of the Court's dismissal of Plaintiff's case that occurred prior to the issuance of these documents. Because Plaintiff has failed to make a clear showing that it has a substantial likelihood of prevailing on the merits on appeal, the Court need not address the other requirements for injunctive relief.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Injunction Pending Appeal* [Doc. 64] is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Plaintiff's new lawsuit also seeks an injunction. *See* Case No. 11cv946 RHS/WDS at Doc. 1. Thus, even though the Court denies the injunction sought pending appeal in this case, Plaintiff has another opportunity to obtain an injunction in the newly-filed case.